UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>  Plaintiff,<br><br>  v.<br><br>DAVID JAMES MARTIN (1),<br><br>  Defendant. | Case No.  14cr1857-GPC<br><br>ORDER OF CRIMINAL FORFEITURE |

WHEREAS, in the Superseding Information in the above-captioned case, the United States sought forfeiture of all right, title and interest in property of the above-named Defendant, DAVID JAMES MARTIN (1) ("Defendant"), which were involved in, used in, intended for use in, or obtained through narcotics violations, pursuant to Title 21, United States Code, Section 853, with respect to Count 1, and Title 18, United States Code, Section 982(a)(1), with respect to Count 2; and

WHEREAS, on or about March 20, 2015, Defendant pled guilty to Counts 1 and 2 of the Superseding Information, which plea included consent to the forfeiture allegations of the Superseding Information, as follows:

> The Defendant agrees to forfeit and give to the United States prior to the date of sentencing any right, title, and interest which the Defendant may have in any asset, located within the jurisdiction of the United States or elsewhere, including but not limited to cash assets, negotiable instruments, securities, property or other things of value, including any and all property which has been transferred or sold to or deposited with any third party, known or unknown by the Defendant for a period of not

1  less than 10 years prior to the date of the signing of this Plea Agreement
2  that were involved in, used in, intended for use in, or obtained through
3  narcotics violations, as well as any asset, interest, or proceeds the
   Defendant received or could receive or cause to be received by a third
4  party in the future, directly or indirectly, in whole or in part, from the
   Defendant's illegal activities; and

5  WHEREAS, by virtue of the admissions of the Defendant set out in the plea
6  agreement and guilty plea, the Court determined that all properties involved in the
7  money laundering offense, and all properties constituting proceeds of the narcotics
8  offense or used in, intended for use in the narcotics offense, pursuant to Title 21,
9  United States Code, Sections 841(a)(l), (b)(1)(A)(i) and (viii), and 846, and Title 18,
10 United States Code, Section 1956(a)(1)(A)(i) and 1956(h), are forfeitable to the
11 United States pursuant to 21 U.S.C. § 853 and 18 U.S.C. § 982, as charged in the
12 Superseding Information; and

13 WHEREAS, by virtue of said guilty plea and the Court's findings, the
14 United States is now entitled to an Order of Forfeiture and a judgment in its favor
15 against the Defendant as to all forfeitable property, pursuant to 21 U.S.C. § 853,
16 18 U.S.C. § 982 and Rule 32.2(b) of the Federal Rules of Criminal Procedure; and

17 WHEREAS, by virtue of the facts set forth in the plea agreement, the
18 United States has established the requisite nexus between the above-referenced
19 properties and the offenses; and

20 WHEREAS, Rule 32.2(c) ancillary proceedings are not required until specific
21 property is forfeited; and

22 WHEREAS, the United States, having submitted the Order herein to the
23 Defendant through his attorney of record, to review, and no objections having been
24 received;

25 Accordingly, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

26 1.   Defendant DAVID JAMES MARTIN (1) shall forfeit to the
27 United States all property constituting or derived from proceeds and all property used
28 in, intended for use in, or obtained through the narcotics violation, pursuant to

Title 21, United States Code, Sections 853 and all property involved in the money laundering violation or traceable to such property, pursuant to 18 U.S.C. § 982(a)(1); and

2. Judgment shall be entered in favor of the United States against Defendant DAVID JAMES MARTIN (1) for all such property, and this Court shall retain jurisdiction in the case for the purpose of enforcing the order of forfeiture and collecting and enforcing the judgment; and

3. Pursuant to Rule 32.2(b)(4)(A) and (B), this Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and is part of the sentence and included in the judgment; and

4. The United States may, at any time, move pursuant to Rule 32.2(e) to amend this Order of Forfeiture to directly forfeit property described in this order that is located and identified after this Order is entered, or is substitute property that qualifies for forfeiture under an applicable statute; and

5. The United States may take any and all actions available to it to enforce the judgment including, but not limited to, discovery of all forfeitable assets and any and all substitute assets up to the full value of the directly forfeitable properties.

Dated: November 10, 2015

Hon. Gonzalo P. Curiel
United States District Judge